IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WINNIE STACEY, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-21-2340 |
| § | |
| JAMIE LANGE AND § | |
| LANGE MEHCANICAL SERVICES, L.P., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Winnie Stacey sued her former employer, Lange Mechanical, and its majority owner, Jamie Lange, for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001 *et seq.*, intentional infliction of emotional distress, and promissory estoppel. Lange and Lange Mechanical filed a motion to dismiss. (Docket Entry No. 15). Stacey amended her complaint. (Docket Entry No. 18).

Based on the amended complaint and the motion to dismiss, Stacey has not stated a claim for intentional infliction of emotional distress claim or promissory estoppel. These claims are dismissed, with prejudice, because leave to amend this already amended complaint would be futile. Stacey has stated a claim under the Fair Labor Standards Act and the Texas Debt Collection Act.

The reasons for these rulings are explained below.

**I.     Background**

Before Stacey began working at Lange Mechanical, Stacey and Lange bonded over simultaneous and unpleasant divorces and developed a friendship from this shared experience. Stacey alleges that in 2019 Lange made a personal loan of $100,000 to pay the retainer fee for Stacey's divorce attorney. (Docket Entry No. 18 at 3). The loan document stated that repayment

was contingent on "a settlement or 'win' of the Enforcement Judgment issued by the 306th District Court of Galveston County or a separate settlement in Ms. Stacey's divorce case." (Docket Entry No. 18 at 4).

Stacey alleges that she quit her job at a car dealership to work for Lange Mechanical after Lange offered her a rate of $23.00 per hour. (Docket Entry No. 18 at 5). Lange later told Stacey that she could not afford to pay $23.00 per hour and offered to pay her $18.00. (Docket Entry No. 18 at 5–6). Stacey accepted.

Once she began work, Stacey alleges that Lange and Lange Mechanical required her to complete tasks outside of her job duties and working hours, such as gardening, assisting with Lange's vacation home, picking up her prescriptions, and responding to text messages after hours. (Docket Entry No. 18 at 6).

Lange and Lange Mechanical respond that Stacey submitted her own hours for the time she worked and was paid properly for that time. Lange and Lange Mechanical urge that some of the tasks and communications involved were not work duties but friendship help, and not compensable.

Stacey alleges that Lange harassed her through text messages and statements, while she was employed at Lange Mechanical, causing Stacey severe emotional distress. Stacey alleges that Lange installed a camera to watch her while at work after Stacey improperly opened a package. (Docket Entry No. 18 at 10). Stacey alleges that Lange made "outrageous" outbursts about her management responsibilities and repeatedly attacked Stacey's integrity and competence. (Docket Entry No. 18 at 16).

Stacey had a stroke one morning. The night before, Lange had sent text messages criticizing Stacey's job performance and commenting on her personal life. (Docket Entry No. 18

at 23–24). Additional similar messages continued while Stacey was in the hospital's intensive care unit.

Stacey seeks to recover under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, for unpaid overtime wages. She also seeks to recover under the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392.001 *et seq.*, for Lange's threats, coercion, harassment, and abuse in attempting to collect on the loan she made to pay for Stacey's divorce lawyer. Stacey also seeks to recover on an intentional infliction of emotional distress claim based on Lange's verbal abuse, which she alleges caused her to have a stroke. Stacey finally seeks to recover on a promissory estoppel claim, based on Lange's promise to pay her $23.00 per hour, which caused her to quit her prior job.

Each claim is addressed below.

## II. The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin

to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### III. Analysis

#### A. The Intentional Infliction of Emotional Distress Claim

The defendants argue that Stacey's intentional infliction of emotional distress claim is "inextricably intertwined with facts giving rise to complaints covered by Title VII," so Title VII preempts her claim. (Docket Entry No. 15 at 15). "If the gravamen of a plaintiff's complaint is

4

the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004).

In Texas, "the intentional infliction of emotional distress [is], first and foremost, a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id.* at 447.

The defendants argue that the conduct Stacey alleged "is Title VII-covered employment harassment and discrimination." (Docket Entry No. 15 at 15). They argue that Stacey made similar allegations in a pending Charge of Discrimination she filed with the EEOC. (Docket Entry No. 15 at 14). Her claims here are, according to the defendants, "an attempted end-run of Title VII's administrative exhaustion requirements and damages caps." (Docket Entry No. 15 at 14). But unlike the cases the defendants cite, Stacey's complaint does not allege of sexual harassment or race discrimination under Title VII. Based on the amended complaint, Stacey's intentional infliction of emotional distress claim is not preempted by Title VII. The claim, however, fails under Texas law.

An intentional infliction of emotional distress claim must allege "extreme and outrageous" conduct. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex.1998). The defendants argue that the conduct Stacey alleged amounts only to "an ordinary employment dispute" and "tough love." (Docket Entry No. 15 at 17). "[L]iability for outrageous conduct should be found 'only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993).

5

"[I]ndignities, threats, annoyances, [or] petty oppressions" are insufficient. *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 612 (Tex. 1999). "[A]n intentional infliction of emotional distress claim does not arise from most employment disputes, but instead can exist in only the most unusual of circumstances." *Swafford v. Bank of Am. Corp.*, 401 F. Supp. 2d 761, 765 (S.D. Tex. 2005). In *Hoffmann-LaRoche*, "vulgar joke-telling, verbal abuse, unfair evaluations, and unfair and discriminatory job termination, did not, as a matter of law, rise to the level of extreme or outrageous conduct." *Swafford*, 401 F. Supp. 2d at 765.

Stacey has failed to allege sufficiently extreme and outrageous conduct, as a matter of law, based on the alleged verbal abuse and the harassing personal text messages, to state a claim. *See, e.g.*, *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995) (questioning an employee about stolen item in "severe and curt" tone was not extreme and outrageous conduct as a matter of law). This claim is dismissed, with prejudice, because Stacey's lengthy and detailed amended pleading shows that further amendment would be futile.

      **B.**    **The Promissory Estoppel Claim**

A claim for promissory estoppel must show: (1) a promise; (2) foreseeability of reliance by the promisor; and (3) substantial reliance by the promisee to her detriment. *English v. Fischer,* 660 S.W.2d 521, 524 (Tex.1983). A plaintiff asserting promissory estoppel must show "an actual promise" that is "sufficiently specific and definite so that it would be reasonable and justified for the promisee to rely on it as a commitment to future action." *Ogle v. Hector*, No. 03-16-00716-CV, 2017 WL 3379107, at *2 (Tex. App.—Austin 2017, pet. denied) (quotations and citations omitted).

6

The defendants argue that Stacey's promissory estoppel claim should be dismissed because at-will employment, as a matter of law, does not provide a basis for detrimental reliance. As one Texas court has explained:

> A promise to provide employment which is subject to termination at any time or for any reason does not provide any assurances about the employer's future conduct, and does not provide a basis for detrimental reliance as a matter of law. Moreover, promissory estoppel may not be applied to recover reliance damages when there is a valid contract terminable at will.

*Collins v. Allied Pharmacy Mgmt., Inc.*, 871 S.W.2d 929, 937 (Tex. App.—Houston[14th Dist.] 1994, no writ.); *see also Hinds v. Orix Cap. Markets*, L.L.C., No. CIV.A. 302CV0239-P, 2003 WL 22132791, at *7 (N.D. Tex. Sept. 11, 2003) ("Given the strength and importance of [the Texas at-will employment] doctrine, the court is reluctant to dilute it by allowing a promissory estoppel claim based on reliance of a promise of at-will employment.").

In *Hernandez v. UPS Supply Chain Sols., Inc.*, 496 F. Supp. 2d 778, 785 (W.D. Tex. 2007), the court concluded that reliance on the promise of at-will employment was reasonable such that the plaintiff was entitled to out-of-pocket expenses from moving his family across the country after his employment offer was withdrawn. The court acknowledged that Texas appellate courts are split as to whether, under *Collins*, a promise of at-will employment can ever provide the basis for a promissory estoppel claim. *Id.* at 786. But even if *Collins* does not bar all claims of promissory estoppel based on at-will employment, Stacey's claim fails.

Stacey does not allege reliance on an offer of employment that was withdrawn. Stacey's claim is based on Lange Mechanical's failure to pay her the initially proposed wage of $23.00, which Stacey alleges she relied on in quitting her job at the dealership. But Stacey agreed to the $18.00 wage before starting the job at Lange Mechanical. Stacey's reliance on a previously offered $23.00 wage was unreasonable given her at-will employment status and her acceptance of the

7

wage offered when she began work. This claim is dismissed, with prejudice, because leave to amend would be futile.

### C. The Texas Debt Collection Act Claim

To state a claim under the Texas Debt Collection Act, a plaintiff must allege facts showing that: (1) the debt is a consumer debt; (2) the defendant is a debt under the statute; (3) the defendant's wrongful act violated the statute; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as result of the defendant's wrongful act. *See* TEX. FIN. CODE ANN. §§ 392.001–392.404. "'Consumer debt' means an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." TEX. FIN. CODE ANN. § 392.001(2).

The defendants argue that the complaint allegations show a debt arising from a commercial transaction related to the plaintiff's divorce proceedings, not a consumer debt. Lange paid the legal fees for Stacey's divorce lawyer directly to that lawyer. The defendants argue that "[t]his is akin to litigation funding, which has been held to be commercial debt when used for client-debtor's attorneys' fees and litigation costs, and not for personal and household expenses while awaiting conclusion of the litigation." (Docket Entry No. 15 at 19). The defendants cite a Third Circuit case concluding that obligations arising in connection with an attorney's commercial law practice were commercial, not consumer debts. *Breen v. Callagy L. PC*, 851 F. App'x 302, 305 (3d Cir. 2021). But the loan here was to pay Stacey's divorce attorney's fees for representing her. This is much closer to a loan for a personal expense than to a loan to fund litigation seeking damages for tort or business claims. The defendants have not provided authority showing that Stacey's debt collection claim should be dismissed on this basis.

The defendants additionally argue that Lange's alleged conduct of threatening civil lawsuits is expressly exempted from the Texas Debt Collection Act. A threat to "institute civil lawsuits" or a threat to "exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings" are not prohibited acts under Tex. Fin. Code Ann. § 392.301. But Stacey also alleges that Lange told Stacey's daughter that Lange was "filing a lien on your mother's land for my hundred thousand dollars." (Docket Entry No. 18 at 26). This is enough to claim the prohibited debt collection practice of "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings." Tex. Fin. Code Ann. § 392.301 (a)(7).

The defendant's motion to dismiss is denied as to the Texas Debt Collection Act claim.

**D.     The Fair Labor Standards Act Claim**

Stacey must "plausibly allege: (1) that an employer-employee relationship existed during the time that she worked in excess of forty hours per week; (2) that she engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime-wage requirements; and (4) the amount of overtime-pay due." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021). The defendants argue that Stacey's amended complaint fails to plead facts that could show that she worked in excess of 40 hours in a work week and was not paid overtime for that week.

In *White*, the Fifth Circuit concluded that a complaint met 29 U.S.C. § 207 by allegations that from June 2018 to January 2019, the employee "'regularly' worked in excess of forty hours per week," and that she was "paid for her overtime at a rate less than one and one-half times the regular rate at which she was [] employed in violation of the FLSA." *White*, 996 F.3d at 309. Similarly, in *Molina-Aranda*, the plaintiffs alleged that they were paid "$18 per hour for overtime, less than one-and-one-half times their contractually agreed upon hourly wage," and that for

9

"several pay periods during late August and September of 2015," they "worked 50 to 80 or more hours a week" but "were not paid fully or paid at all." *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 788 (5th Cir. 2020). "[D]etailed factual allegations . . . are not required to meet Rule 8(a) in the specific context of FLSA overtime claims." *Nieto v. Meter*, No. 3:20-CV-3067-B, 2021 WL 2551620, at *2 (N.D. Tex. June 22, 2021).

Stacey's amended complaint alleges that her working hours were supposed to be from 8:00 a.m. to 5:00 p.m. but that, on a weekly basis, she was required to work outside these hours and she was not compensated for this time. (Docket Entry No. 18 at 6). She alleges that she was required to housesit Lange's vacation home in Colorado, run Lange's personal errands, and respond to work-related text messages, sometimes for hours after the workday ended. (Docket Entry No. 18 at 6). Her claims seem to cover the entirety of her employment at Lange Mechanical. This is sufficient to put Lange Mechanical on "notice of minimum and overtime wage claims for specific time periods and set forth a plausible claim for relief." *Molina-Aranda*, 983 F.3d 779, 788 (5th Cir. 2020).

The defendants respond that the after-work messages were personal exchanges. The defendants also argue that Lange paid for Stacey's plane trip to Colorado and provided free use of Lange's vacation home as a personal favor, not a work requirement. The defendants may reargue these and other arguments on summary judgment, if appropriate on the record, but the motion to dismiss the Fair Labor Standards Act overtime-pay claim is denied.

### IV.     Conclusion

The defendants' motion to dismiss, (Docket Entry No. 15), the intentional infliction of

emotional distress and promissory estoppel claims is granted with prejudice. The motion is denied as to the Fair Labor Standards Act and the Texas Debt Collection Act claims.

SIGNED on January 11, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge